(C. D. 531)

GIMBEL BROS., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided September 19, 1941)

*Puckhafer, Rode & Rode* (*Howard C. Carter* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Richard H. Welsh* and *Joseph A. Howard, Jr.*, special attorneys), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

KINCHELOE, Judge: The merchandise here in issue consists of ladies' handbags, and was assessed for duty by the collector as "articles * * *, knit * * * in chief value of cotton * * * not specially provided for" under paragraph 917 of the Tariff Act of 1930, at the rate of 45 per centum ad valorem, plus additional duty at the rate of 10 cents per pound under paragraph 924 of said act on the cotton contained therein having a staple of $1\frac{1}{8}$ inches or more in length. Plaintiff does not question the propriety of the assessment of the additional duty under said paragraph 924, but otherwise claims that the merchandise is dutiable as "manufactures, wholly or in chief value of cotton, not specially provided for," under paragraph 923 at 40 per centum ad valorem.

No samples of the bags were put in evidence by either side; but on the issue presented counsel for the plaintiff called as their witness, Government examiner Abraham Alexander, who stated that he has been such examiner for 10 years, and that he personally examined and advisorily classified the merchandise in question. According to his testimony the articles designated on the invoice as items 3850

and 3910 had beads worked into the flap only, and were opened and closed by means of a zipper under the flap (R. 3, 7). Items 3796 and 3820 were the same as items 3850 and 3910, except that they had beads worked into the surface of the body as well as the flap (R. 7). Items 3814 and 1966bis were the same as items 3796 and 3820, except that they were opened and closed by a wooden frame instead of a zipper (R. 5–7). Item 3702 was the same as items 3814 and 1966bis, except that it contained a mirror pocket and a purse pocket sewed upon the lining inside the bag (R. 5–6). In all cases the beads were spaced about 1 inch apart in vertical rows and about one-half inch apart in horizontal rows (R. 7). It also appears that the linings are of woven rayon.

Plaintiff in its brief contends that it has shown that the merchandise at bar is more than "articles, knit or crocheted, in chief value of cotton, not specially provided for," since the bags are in part of beads, woven fabrics of rayon, and either metal zippers or wood frames. Yet at the same time it contends that the imported bags are "articles" in chief value of cotton, dutiable under said paragraph 923 as manufactures in chief value of cotton not specially provided for. This seems rather contradictory. Of course the bags in question are articles, whether regarded as knit articles in chief value of cotton, or as manufactures in chief value of cotton. The only question is which provision of the tariff act more specifically covers the merchandise? If the bags can in fact be considered knit articles, paragraph 917 undoubtedly more specifically covers same.

On this point the case of *Benson Manufacturing Corp.* v. *United States*, T. D. 44060, affirmed in 18 C. C. P. A. 391, T. D. 44640, has considerable bearing. In that case certain wool fez caps had been assessed by the collector as knit-wool wearing apparel under paragraph 1114 of the Tariff Act of 1922, and were claimed to be dutiable under paragraph 1115 as "articles of wearing apparel of every description, not knit or crocheted, * * * composed wholly or in chief value of wool." In holding the merchandise to be articles of wool wearing apparel, not knit or crocheted, under said paragraph 1115, as claimed by the importing company, this court stated, in part, as follows:

* * * The imported merchandise is plainly a felted article. It is also clear that Exhibit C from which it is partly made is knitted to get the yarn into proper shape for making the fez. It is contended by the Government that this makes the imported article a knitted article within the meaning of paragraph 1114.

It seems plain to us, however, that when Congress spoke of knitted articles in paragraph 1114 it meant articles in the knitted form as imported, and not articles, like the one before us, where some of the yarn used was knitted to put it in shape to properly commence the process of making the fez. We therefore have no hesitation in holding that the article, the classification of which is in question, is not

knitted within the meaning of paragraph 1114 in the condition in which it is imported.

The Court of Customs and Patent Appeals in affirming said decision, *supra*, stated:

We cannot agree with the contention of the assistant attorney general that paragraph 1114 includes all articles which are knit in whole or in part, and that paragraph 1115 excludes all articles which are knit in whole or in part. There is no language in either paragraph warranting the construction claimed by the Government. Neither can we agree with the contention of appellees' counsel that in order for merchandise to be included in paragraph 1114 it must be wholly knit and that if there be manufacturing processes utilized in addition to knitting, the article is excluded from said paragraph.

We think that the determination of whether an article is "knit" within the meaning of paragraph 1114 or "not knit" within the meaning of paragraph 1115 must depend upon the facts in each particular case. To illustrate, a sweater wholly knit except for a small band of woven fabric would, we think, be classified as a knitted article; but a coat of woven wool having a narrow knitted band down a portion of the back would, we think, be classified as "clothing * * * not knit." However this may be, we think the conclusion of the lower court was correct in holding the merchandise here involved to be not knitted, and classifying it under paragraph 1115. The sample before us has the appearance of felt; it feels to the touch like felt, and it lacks that ordinary characteristic of knitted outer wear, viz, capability of stretching and adjusting itself, by reason of being knitted, to the form of the wearer.

While it is true that the foundation or base of the article was a knitted fabric or article, the manufacturing processes and additional wool applied to it caused it to lose its characteristics as a knitted article and the final product was, we think, an article not knitted.

In the present instance no samples of the merchandise are before us, but so far as we can gather from the testimony the bodies of the bags as well as the flaps thereon have been knit or crocheted with cotton string, with certain beads worked in with the knitting or crocheting, and the bags were lined with woven rayon, and have metal zippers or wood frames. In our opinion the knit part of the bags is the most predominant and characteristic part, and under the decisions cited, *supra*, we think the bags may reasonably be said to be knit articles in chief value of cotton, not specially provided for, under said paragraph 917 of the act of 1930, as assessed.

Counsel for the plaintiff in their brief have cited numerous cases in an attempt to show that the imported bags are something else than knit cotton articles, but as none of said cases seems to have any bearing on the real question at issue, which is whether the bags are, or are not, knit articles, we do not think it necessary to discuss them.

On the record herein the claim of the plaintiff is overruled and the decision of the collector is affirmed. Judgment will be rendered accordingly.